UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 13-142-HRW

THOMAS EARL ELDRIDGE,                                                               PLAINTIFF,

v.                 **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on April 18, 2010, alleging disability beginning on June 30, 2009, due to "back injury, depression and heart issues" (Tr. 201). This application was denied initially and on reconsideration. On January 10, 2012, an administrative hearing was conducted by Administrative Law Judge Jerry Meade (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 27, 2012, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-26). Plaintiff was 43 years old at the time of the hearing decision. He has a high school education and past relevant work as a truck driver and trainer.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 14).

The ALJ then determined, at Step 2, that Plaintiff suffers from morbid obesity, degenerative disc disease of the lumbar spine, osteoarthritis, hiatal hernia, hypertension, major depressive disorder, anxiety and opioid dependence which he found to be "severe" within the meaning of the Regulations (Tr. 14-16).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16-18).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 24) but determined that he has the residual functional capacity ("RFC") to perform a reduced range of light level work (Tr. 18).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE. Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 13] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

On appeal Plaintiff alleges the following errors:

(1) The Commissioner Erred in Permitting the ALJ to Summarily Reject without Analysis of the Record whether Plaintiff Meets or Equals Listing 1.04;

(2) The ALJ Erred as a Matter of Law in not Considering Thomas' Peripheral Edema and Dyspnea to be "Severe" Step Two Impairments;

(3) The ALJ Erred as a Matter of Law in Rejecting The Opinion of Thomas's Treating Physician Dr. Conley Which is Well Supported by a Multiyear Treatment History Consistent with Medically Accepted Clinical and Lab Findings;

(4) The Commissioner Erred as a Matter of Law in Concluding that Thomas Could Perform Work In the National Economy When the Only Vocational Expert Testimony Responded to An Inaccurate/Incomplete RFC;

(5) The Commissioner Erred by Failing to Comply with SSR 02-1p Evaluation of Obesity in Determining the RFC

4

## C.     Analysis of Contentions on Appeal

Plaintiff's first claim of error pertains to Step 3 of the sequential analysis. Plaintiff contends that he satisfies the requirements for Listing 1.04 and is thus, disabled.

The Sixth Circuit Court of Appeals stated in *Herr v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff Daniels "bears the burden of proof at step three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at \*\*2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id.* This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.

The criteria for Listing 1.04 are:

5

> 1.04 *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)....
> or
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
> or
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04.

First, it is apparent from the decision that the ALJ did not ignore Plaintiff's back impairment. He concluded that his degenerative disc disease is a "severe" impairment (Tr. 14). In addition, the ALJ discussed various medical records pertaining to Plaintiff's back issues, including a January 2010 MRI showing disc herniation and stenosis (Tr. 19-23). With regard to Listing 1.04, the ALJ noted that the record does not contain evidence of root compression (Tr. 16) or an inability to ambulate effectively. As such, the requirements of Listing 1.04 have not been met.

In urging error, Plaintiff states that the ALJ did not discuss the opinion of examining physician, Naushad Haziq, M.D. In his June 23, 2010 report, he found a loss of range of motion and tenderness.

6

Dr. Naziq's opinion is not entitled to deference, as he is not a treating source. A close review of the record, however, establishes that Dr. Haziq's exam actually provides substantial evidence supporting the ALJ's finding that Plaintiff does not meet Listing 1.04. Dr. Haziq's neurological exam showed full 5/5 muscle strength everywhere (except Plaintiff's left hand) with no mention of any atrophy related to Plaintiff's lumbar spine (Tr. 425). Thus, Plaintiff cannot show the lumbar spine "motor loss (atrophy with associated muscle weakness or muscle weakness)" required to meet Listing 1.04A. 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04A.

Plaintiff has not identified sufficient objective, clinical findings to support his specific argument regarding equaling Listing 1.04. As such, the Court finds no error in this regard.

Plaintiff's second claim of error is that the ALJ should have determined his peripheral edema and dyspnea "severe" at Step 2. This argument is unavailing because it does not affect the ALJ's ultimate determination. Once an ALJ finds a severe impairment, the propriety of his evaluation of the claimant's other impairments is legally irrelevant. *See generally, McGlothlin v. Commissioner of Social Security*, 299 Fed. Appx. 516 (6th Cir. 2008).

Next, Plaintiff maintains the ALJ improperly discredited the opinion of one of his treating physicians, Amy Conley, M.D.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d

431, 435 (6th Cir. 1985).

Dr. Conley completed a medical source statement opining that Plaintiff could not perform a reduced range of sedentary work (Tr. 636-638). The ALJ did not defer to this assessment. First, the ALJ pointed out that Dr. Conley's opinion of dire physical limitation was not supported by her own treatment notes. When Dr. Conley first started treating Plaintiff in September 2010, she treated him for hypertension and lumbago, Plaintiff's physical exam was essentially normal including normal gait and station with no ankle swelling or edema, and Dr. Conley prescribed no pain medication (Tr. 485-489). In November 2010, she treated Plaintiff for abdominal pain; Plaintiff's physical exam was again essentially normal with normal gait and station and no ankle swelling or edema, and Dr. Conley again prescribed no pain medication (Tr. 483-484). Plaintiff did not see Dr. Conley again until almost six months later when in May 2011, Plaintiff complained of leg and stomach swelling (Tr. 478). Dr. Conley discussed Plaintiff's obesity, but also noted that no physician was treating the condition (Tr. 478). Dr. Conley diagnosed hypertension, obesity, and venous insufficiency, and she prescribed compression stockings (Tr. 478-481). Dr. Conley's treatment note from June 20, 2011, shows Plaintiff was not taking any prescribed pain medication; rather, he was simply taking aspirin and his physical exam was again essentially normal other than moderate edema (Tr. 705-707). These clinical findings do not support, and are wholly inconsistent with, Dr. Conley's opinion that Plaintiff experiences constant pain preventing him from performing even sedentary work, particularly where it appears she never prescribed any pain medication (Tr. 636). Further, she never noted any problems with Plaintiff's upper extremities, yet she opined he could only lift 10 pounds occasionally (Tr. 637). If anything, her treatment notes may support her opinion that Plaintiff needs to shift positions at will (Tr. 636). However, the ALJ acknowledged that Plaintiff needed a sit/stand option at 30-minute

intervals (Tr. 18). Otherwise, Dr. Conley's clinical findings do not support her opinion. The ALJ's decision, taken as a whole, shows that he properly accorded little weight to Dr. Conley's opinion.

Plaintiff also argues that the testimony of the VE is not substantial evidence. Specifically, he asserts that Dr. Haziq's exam should have been considered. However, Dr. Haziq did not assess any specific functional limitations for the ALJ to consider or incorporate into the hypothetical posed to the VE. The Court finds that the hypothetical accurately portrayed the claimant's abilities and limitations, as required by *Varley v. Secretary of Health and Human Services*, 820 F.2d 777 (6th Cir. 1987) and its progeny. This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). The VE's responsive testimony provided substantial evidence to support the ALJ's decision that claimant was not disabled.

Finally, Plaintiff contends that the ALJ did not properly consider his obesity in formulating the RFC. This argument is without merit. The regulations at 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00Q, as well as SSR 02-1p, 67 Fed. Reg. 57859 (2002), provide that obesity should be considered under the appropriate affected body systems. First, the ALJ found morbid obesity is a "severe" impairment at step two (Tr. 14). Second, the ALJ specifically evaluated Plaintiff's obesity, in combination with Plaintiff's other impairments, pursuant to the relevant ruling, SSR 02-1p (Tr. 17). *See Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589, 591-592 (6th Cir. 1986) (language in the ALJ's decision itself suggested that the ALJ properly considered the combination of impairments).

Further, the record shows that the ALJ discussed Plaintiff's weight and diagnoses of obesity,

9

and acknowledged that Plaintiff's weight exacerbated his physical impairments (Tr. 19, 21-23). Moreover, the ALJ's RFC finding reduces Plaintiff to light work with a required sit/stand option at 30-minute intervals, and also includes limitations related to Plaintiff's ability to climb, balance, stoop, kneel, crouch, and crawl, all of which are reasonably related to Plaintiff's obesity in combination with his other impairments (Tr. 18). The record shows the ALJ properly considered Plaintiff's obesity.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

This 23rd day of September, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge